# Exhibit 1



August 8, 2014

<u>**Via Certified Mail:**</u>
Matsuo Engineering Centerre Construction Joint Venture
Attn: Allan Matsuo – Managing Director
760 Devinney Ct.
Golden, CO 80401

Centerre Construction, Inc.
Attn: Stephen M. Hritz
4100 E. Mississippi Ave., Suite 1225
Denver, CO 80246

**RE:   RK Mechanical, Inc. Claim for Delay and Adjustment – New Custom House Federal Office Building Modernization Project**
**Contract No.: GS-08P-10-JB-C-0007**

Dear Messrs. Matsuo and Hritz:

This letter is being sent pursuant to Article 13 of the Design-Build Subcontract between RK Mechanical, Inc. ("RKMI") and the Matsuo Engineering Centerre Construction Joint Venture ("Matsuo-Centerre") referenced above, and hereinafter referred to as the "Contract." Please know that this letter constitutes additional Notice of an ongoing Dispute, which has been previously brought to Matsuo-Centerre's attention.

Pursuant to Article 13, Section 13.3.1 of the Contract, Matsuo-Centerre, as the Design-Builder, has an obligation to:

> "cooperate with and assist Design-Build Subcontractor [RKMI] in presenting a
> request for extension of time or additional compensation to Owner."

It has come to our attention that Matsuo-Centerre has submitted a claim to the Owner, the General Services Administration ("GSA"), for delay, schedule, and contract price adjustments. RKMI hereby requests that Matsuo-Centerre honor its contractual obligations, and amend its claim to the GSA to include RKMI's request for a schedule delay and impact claim.

5800 Xanthia Street
Denver, CO 80238

303.355.9696 Main
303.576.9696 Service
www.rkmi.com





In order to assist Matsuo-Centerre with this claim, RKMI has prepared the following.

## I.   <u>Introduction</u>

On December 21, 2009, the General Services Administration ("GSA") issued a Design-Build Design Intent ("DBDI") requesting bids for the U.S. Custom House Modernization Project located in Denver, Colorado (the "Project"). Within the DBDI, the GSA divided the Project into six (6) major component areas which were slated for renovation. Those areas were: 1) Building Interior Renovation; 2) Building Exterior Renovation; 3) Restroom Upgrades; 4) Mechanical Upgrades; 5) Plumbing Upgrades; 6) Electrical Upgrades.

On or about March 8, 2010, Matsuo-Centerre submitted its bid, proposing a base bid price of $17,250,786, and exercising Bid Option 10 – Plumbing Upgrades, for an additional $809,150.00[1]. In its bid, Matsuo-Centerre committed to deliver the work by December 31, 2012. *See Amendment of Solicitation/Modification of Contract No. PS02, dated 3/23/2010, attached as* ***EXHIBIT 1***. Matsuo-Centerre was awarded the Contract with the GSA on or about March 17, 2010. *Matsuo-Centerre U.S. Custom House Building Modernization Project- 1ˢᵗ update (DD:01oct10), attached as* ***EXHIBIT 2*** *(the "Bid Schedule"); accord U.S. Custom House Modernization Project – Baseline Schedule, dated 7/6/11* ***EXHIBIT 3*** *(the "Baseline Schedule").*

On September 13, 2010, RKMI was awarded a contract for the performance of all "Mechanical and Plumbing" scopes of work on the New Custom House Federal Office Building Modernization Project (the "Project"). *Quoting "Standard Form of Agreement Between Design-Builder and Design-Build Subcontractor – Lump Sum," dated September 13, 2010, at exhibit B – attached here as* ***EXHIBIT 4*** *(the "Contract").* RKMI's scope of work included seventy-two (72)

---

[1] On March 24, 2010 the GSA and Matsuo-Centerre executed an Amendment of Solicitation/Modification of Contract, which added $5,163,268.00 to the Base Bid price so as to incorporate Bid Option 1 – Blast Mitigation Window Replacement Project.



5800 Xanthia Street
Denver, CO 80238

303.355.9696 Main
303.576.9696 Service
www.rkmi.com



line items, for a total dollar value of $9,709,404[2]. *Id., at exhibit B*. RKMI's work was scheduled throughout the Project, in various phases, broken out by building levels.

The overall contract duration set forth in the Bid Schedule contemplates a total project duration of one-thousand ten (1010) days, from March 17, 2010 until December 28, 2012. *EXHIBIT 2*. The Bid Schedule's Overall Project Duration (hammock), was later revised in the Baseline Schedule to provide for an Overall Project Duration (hammock) from March 17, 2010 until August 30, 2013. *EXHIBIT 3.* However, this revision between the Bid Schedule and the Baseline Schedule was insufficient, and the Project did not achieve substantial completion until May 28, 2014.[3]  This is a total delay of two-hundred seventy-one (271) days. In more concrete terms, RKMI was forced to incur 17,047 total inefficiency hours on the Project.[4]

A review of Contract Documents, Project Bid and Baseline Schedules, Matsuo-Centerre's scheduling consultant's Schedule Narratives, the available Schedule Updates from Matsuo-Centerre, RKMI's Daily Logs, correspondence between the Parties, and the Matsuo-Centerre Field Coordination Schedules, demonstrates that the above delay was not caused by RKMI.

Instead, the principle reasons for the delay are:

1) Unanticipated asbestos abatement and mitigation;
2) Field staging and coordination issues;

These conditions impacted RKMI's ability to perform the work in accordance with the anticipated schedule, through no fault of RKMI's. For instance, RKMI utilizes a "just-in-time" approach to material delivery on site. This just-in-time method was incorporated into the Contract, and therefore was a mandatory protocol for the Project. This protocol was impaired due

---

[2] This total dollar value consists of a $7,575,899 base bid, $2,108,725 Supplemental DBDI Total, and $24,779 in Modifications.
[3] As of the date of this letter, RKMI is still performing punch list items on the Project.
[4] This number is after RKMI adjusts the total inefficiency hours to account for delays which could have been caused by RKMI. RKMI reserves the right to adjust these numbers if those delays are later found to have been caused by others or to have been concurrently caused.





5800 Xanthia Street
Denver, CO 80238

303.355.9696 Main
303.576.9696 Service
www.rkmi.com



to the unanticipated necessity of storing material on the site due to a lack of coordination though the trades. This is only one example of a material impact to RKMI's ability to perform its work due to circumstances outside of its control.

Overall, RKMI has suffered losses in the amount of **$1,143,045.66** due to the aforementioned inefficiencies, delays, and extended general conditions.

RKMI was forced to demobilize and remobilize on multiple occasions due to unanticipated asbestos abatement, had its work impeded and delayed by stacking of trades, and its material damaged due to unanticipated on-site storage. These conditions are readily apparent in the Schedule Narratives generated by Matsuo-Centerre's scheduling consultant, RKMI daily logs, and the limited Project schedules which have been provided to RKMI. RKMI is entitled to compensation for these conditions, pursuant to the terms of the Contract between RKMI and Matsuo-Centerre.

## II.   Analysis of Overall Project Delays

Overall, the Project has been delayed two-hundred seventy-one (271) days, and RKMI has been forced to incur 17,047 total inefficiency hours. As RKMI's scope of work began virtually with the beginning of the Project, RKMI has been impacted for virtually all of the above delay. These delays arose as a result of Project coordination issues, including, but not limited to, conflicts from stacking of trades, changes in the sequencing of work due to Owner demands, and lack of storage space. In addition, RKMI was forced to mobilize and demobilize an unreasonable and unanticipated amount due to additional asbestos mitigation in the Custom House building. This failure to adequately evaluate the prevalence of asbestos directly impacted RKMI's costs and efficiencies on the Project. Finally, RKMI was impacted by the demands of the Owner to preserve overhead spaces of historic value, and coordinate space for the various trades.

Each of these factors resulted in a delay on almost a daily basis. Attached as **EXHIBIT 5** is a schedule which reflects the various categories of delay, as recorded in RKMI's daily log reports.

5800 Xanthia Street
Denver, CO 80238

303.355.9696 Main
303.576.9696 Service
www.rkmi.com





These delays caused RKMI to incur additional labor, material, and consequential costs, for which RKMI is entitled to compensation.

### a.     Asbestos Abatement and Mitigation

An analysis of both RKMI's daily logs, and the schedule narratives provided by Matsuo-Centerre's scheduling consultant demonstrates that significant delays resulted from a failure to properly identify and mitigate asbestos in the Custom House Building. As a result, the Project, and therefore RKMI, was forced to repeatedly stop work, demobilize, reallocate work-force, and then remobilize after the additional mitigation was completed. The need to continually work around asbestos mitigation problems resulted in a significant cost impact to RKMI, through no fault of its own.

**EXHIBIT 5** demonstrates the various delays on the Project, by category. This schedule was created using RKMI's daily Project logs, Matsuo-Centerre's schedules, and schedule narratives. Two of the categories identified in Exhibit 5 are "ACM Delays" and "Abatement Delays." Both of these categories are related to asbestos identification, mitigation, and abatement.

Collectively, asbestos related issues accounted for forty-seven (47) days of the two-hundred seventy-one (271) total delay days, or of seventeen percent (17%) of the total delay days.

### b.     Project Coordination and Staging

At the beginning of the Project, RKMI was provided with the Bid Schedule, on which all the scopes of work, and the time for performance of each, were plotted. *EXHIBIT 2*. Pursuant to this Bid Schedule, the work was to be sequenced from the top down, beginning in the Penthouse, and moving down through the building Basement. In addition, the work on the individual floors was broken down into "areas." *Id.* Originally, it appears that the work was scheduled to proceed sequentially from area to area. This sequencing was kept, and further developed in the Baseline



5800 Xanthia Street
Denver, CO 80238

303.355.9696  Main
303.576.9696  Service
www.rkmi.com



Schedule. ***EXHIBIT 3.*** Presumably, this sequencing would have allowed for on-site staging, and a logical workflow.

However, the work did not proceed according to the logic path set forth in the Bid or Baseline Schedules. Instead, an ad hoc system arose in which work was frequently shifted between areas with very little notice, no staging areas were present or available, and the sequence of work would change depending on tenant demands. *See **EXHIBIT 5***. Both RKMI's daily logs, and the Schedule Narratives provided by Matsuo-Centerre reflect these conditions.

RK's proposed schedule was based on an 18-month project duration (NTP on March 24, 2010 and Full Occupancy on September 9, 2012), while the contract schedule was based on a 20-month project duration (NTP on February 1, 2011 and Construction Completion on October 1, 2012). On the other hand, the monthly schedule narratives prepared by Matsuo-Centerre's consultant, Scheduling Consultants, LTD, indicate that as of September 26, 2012 Matsuo-Centerre's Contract Completion date was October 23, 2013. This suggests that while Matsuo-Centerre may have received an extension to its contract date, it did not adjust RK's completion date, which would equate to acceleration of RK's work.

Modernization and renovation projects of old and historic buildings such as this require the general contractor or, in this case, Matsuo-Centerre, to vigilantly plan and schedule the work. While Matsuo-Centerre has issued as many as 40 schedule updates through May 2014, its schedules did not accurately reflect the conditions on the Project, and were not reliable. One reason for the unreliable nature of the schedules was that Matsuo-Centerre did not take RKMI's input into account when amending the schedule. Instead, the schedules were improperly updated and inaccurate, resulting in substandard trade coordination issues.

Staging and coordination (including scheduling) issues are the single largest cause of delay on the Project, accounting for one-hundred sixteen (116) days of the overall two-hundred seventy-one (271) day delay. Staging and coordination delays account for forty-two percent (42%) of the overall delay on the Project.





### III.   RKMI's Loss

#### a.   Extend General Conditions

As a result of the delays described above, among others which are detailed in the attached Exhibits, RKMI has incurred extended general conditions in the amount of **$216,300**. Included with this letter is a Contract Change Proposal which provides details for the above amount. *Contract Change Proposal No. 63, attached as **EXHIBIT 6***.

The majority of these extended general conditions consist of additional labor costs. RKMI was forced, on numerous occasions, to work overtime, reallocate labor, and experienced significant inefficiencies in the allocation of its labor due to delays and site circumstances beyond its control. These additional labor costs, as well as additional costs for rental equipment, and other general conditions are set forth in the documentation provided in **Exhibit 6**. As these extended general conditions were not caused by RKMI, RKMI is entitled to be compensated for these additional costs.

#### b.   Lost Productivity

As set out above, the overall schedule for the Project was delayed by two-hundred seventy-one (271) days. However, for the purposes of quantifying the cost impact of this delay to RKMI, RKMI analyzed its lost productivity in terms of hours. In order to determine the value of the lost productive hours, RKMI relied on the industry standard metrics and procedures published by the Mechanical Contractors Association of America ("MCAA").   *"Management Methods Bulletin PD2," MCAA, 2005, revised 2011, attached as **EXHIBIT 7***.

The MCAA's methods have been used in the mechanical contracting industry for many years, and are of proven worth in determining the impact of various types of delays on a project. The exact methodology applied is set forth in **Exhibit 7**. RKMI applied the MCAA's metrics to the

3800 Xanthia Street
Denver, CO 80238

303.355.9696 Main
303.576.9696 Service
www.rkmi.com





hours worked, as recorded by its employees on the Project, based on several categories of events which can impact the productivity of a project: Overtime hours, for weeks in which RKMI employees worked over fifty (50) hours a week; reassignment of manpower; beneficial occupancy inefficiencies, and; site access inefficiencies. In an effort to acknowledge the complexity of projects of the type which is the subject of this claim, and in the spirit of compromise, but without admitting liability, RKMI also applied a discount rate to instances for which RKMI, based on its daily logs, could have been considered a contributing factor to a delay.

The result of the calculation using the MCAA standards, and RKMI's labor/manpower records is reflected in the table attached as ***EXHIBIT 8***. In this table, RKMI presents a conservative estimate of its overall additional labor and inefficiency costs. Overall, RKMI is owed **$926,745.66** for 17,047 additional man-hours RKMI was forced to incur, through no fault of its own, due to the delays on the Project.

These inefficiencies can be demonstrated graphically. ***EXHIBIT 9*** is a per month break out of the hours RKMI anticipated working in its pre-construction bid versus the amount of hours actually incurred. RKMI reasonably relied on the Contract Documents, including the initial Bid Schedule in preparing its bid for the Project. It was not RKMI's contractual obligation to stage the project, identify, or abate asbestos. Moreover, RKMI was not responsible for coordinating with the Project's tenant. Therefore, the frequent stops-and-starts on the Project forced RKMI to work overtime, caused lost time in staging and coordination, and forced RKMI to reallocate workers. All of these circumstances lead to the wide discrepancies which are shown on **Exhibit 9**, and are often referenced in both RKMI's daily logs, and Matsuo-Centerre's schedule narratives.

Finally, **Exhibit 5**, which is the schedule showing the numerous breaks in the flow of the Project due to a wide variety of circumstances, provides compelling evidence that RKMI would not have incurred these additional lost productivity costs but for the delays caused by others. Pursuant to the initial Project Bid Schedule, the construction duration of the Project was to have occurred over five-hundred ninety-six (596) days; from May 2, 2011 to August 30, 2013. However, RKMI



5800 Xanthia Street
Denver, CO 80238

303.355.9696 Main
303.576.9696 Service
www.rkmi.com



actually completed its work in five-hundred ninety-one (591) productive days. The problem is that the productive days were not consecutive.

What this demonstrates is that, if RKMI had been presented with the work on the Project as bid, and as initially contemplated, RKMI would have finished its work on the Project four (4) days early. This is the clearest evidence that RKMI was not the cause of the delays on the Project, and that it should be compensated for the extra time it was forced to work due to the delays of others. In short, when RKMI was permitted to work, it was efficient, and would have made money on this Project.

## IV.   Conclusion

RKMI is owed **$1,143,045.66** for two-hundred seventy-one (271) days of delay, resulting in 17,047 inefficient hours, including **$216,300** in extended general conditions. The delays were caused by asbestos identification and abatement, staging, and project coordination, and other factors for which RKMI was not responsible, and which were beyond RKMI's control. RKMI reasonably relied on the representations made in the initial bid information, and contracted pursuant to that information. Therefore, RKMI is entitled to a contract adjustment for its extended general conditions, and to be compensated for the inefficiencies it incurred as a result of the delay of others.

While RKMI is participating in this process, and providing information for Centerre to pass along, per its contractual obligations, RKMI is entitled to be paid for delays for which it is not at fault. RKMI will avail itself of all possible remedies at law, or under contract in order to protect its rights. In addition, pursuant to Article 13, Section 13.5.4, of the Contract, if RKMI is forced to compel arbitration or legal action, RKMI could be entitled to recover its attorney fees.

However, RKMI has been, and remains, committed to resolving disputes amicably with Matsuo-Centerre. To that end, we look forward to working with you in the presentation of RKMI's claim for adjustment. Thank you, and we look forward to your response.



5800 Xanthia Street
Denver, CO 80238

303.355.9696 Main
303.576.9696 Service
www.rkmi.com



RK Mechanical, Inc.

Jamie Blust
RK Mechanical | Project Manager

CC:    Rick Kinning, RKMI
       Jon Kinning, RKMI
       Rob Marceau, RKMI
       Luke Chambers, RKMI
       Ryan Polk, RKMI

Enclosures: Exhibits 1-9



5800 Xanthia Street
Denver, CO 80238

303.355.9696 Main
303.576.9696 Service
www.rkmi.com